## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

AMERICAN OVERSIGHT,<br>
1030 15th Street NW, B255<br>
Washington, DC 20005<br>
<br>
<em>Plaintiff,</em>

v.<br>
<br>
U.S. DEPARTMENT OF JUSTICE,<br>
950 Pennsylvania Avenue NW<br>
Washington, DC 20530<br>
<br>
<em>Defendant.</em>

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

Case No. 19-cv-2594

</td></tr>
</table>

## COMPLAINT

1.     Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.     Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of itself and several other DOJ components including the Office of the Attorney General (OAG), the Office of the Deputy Attorney General (ODAG), the Office of the Associate Attorney General (OASG), the Office of Legislative Affairs (OLA), the Office of Public Affairs (PAO), and the Office of Legal Policy (OLP). The Executive Office for the United States Attorneys (EOUSA) is a component of DOJ. DOJ has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.      In May 2019, it was reported that Attorney General Bill Barr had assigned the

U.S. Attorney for the District of Connecticut, John Durham, to examine the origins of

investigations of now-President Donald Trump and his campaign.

8.      In June 2019, American Oversight submitted FOIA requests for records that

would inform the public as to the scope of the investigation and the statutory authority under

which it was undertaken.

### *Statutory Authority FOIA*

9.      On June 7, 2019, American Oversight submitted a FOIA request to OIP and

EOUSA seeking access to the following records:

> Records sufficient to show the statutory authority upon which
> Attorney General Barr has directed U.S. Attorney John Durham to
> conduct an evaluation, review, probe, or investigation of any matters
> outside his ordinary jurisdiction as U.S. Attorney for the District of
> Connecticut.

10.     American Oversight requested all responsive records from February 14, 2019,

through the date the search is conducted.

11.     OIP assigned the Statutory Authority FOIA tracking number DOJ-2019-005153.

12.     EOUSA assigned the Statutory Authority FOIA tracking number EOUSA-2019-

003241.

### *Order FOIA*

13.     On June 6, 2019, American Oversight submitted a FOIA request to OIP and

EOUSA seeking access to the following records:

> A copy of the Attorney General's order (and any attachments to that
> order) directing U.S. Attorney John Durham to conduct an
> evaluation, review, probe, or investigation of any matters outside his

ordinary jurisdiction as U.S. Attorney for the District of
Connecticut.

American Oversight expects this request for a single, readily-
identifiable record regarding a high-profile matter will be assigned
to the Simple processing track.

14.     American Oversight requested all responsive records from February 14, 2019,

through the date the search is conducted.

15.     OIP assigned the Order FOIA tracking number DOJ-2019-005145.

16.     EOUSA assigned the Order FOIA tracking number EOUSA-2019-003228.

*Guidance FOIA*

17.     On June 7, 2019, American Oversight submitted a FOIA request to OIP and

EOUSA seeking access to the following records:

All directives or guidance provided to U.S. Attorney John Durham
regarding his evaluation, review, probe, or investigation of any
matters outside his ordinary jurisdiction as U.S. Attorney for the
District of Connecticut.

To be clear, talking points, notes, or other records used in
preparation for or during oral communications in which U.S.
Attorney Durham was provided direction or guidance are responsive
to this request.

18.     American Oversight requested all responsive records from February 14, 2019,

through the date the search is conducted.

19.     OIP assigned the Guidance FOIA tracking number DOJ-2019-005154.

20.     EOUSA assigned the Guidance FOIA tracking number EOUSA-2019-003242.

*Exhaustion of Administrative Remedies*

21.     As of the date of this complaint, DOJ has failed to (a) notify American Oversight

of any determination regarding its FOIA requests, including the scope of any responsive records

DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the

requested records or demonstrate that the requested records are lawfully exempt from production.

22.     Through DOJ's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

23.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.     American Oversight properly requested records within the possession, custody, and control of DOJ.

25.     DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

26.     DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

27.     DOJ's failure to conduct an adequate search for responsive records violates FOIA and DOJ regulations.

28.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

29.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30.     American Oversight properly requested records within the possession, custody, and control of DOJ.

31.     DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

32.     DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

33.     DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

34.     DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

35.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated:  August 28, 2019                          Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*